UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

THE DISBROW CORPORATION

    Debtor.
_____/

Case No.: 8:10-bk-09504-CED

Chapter 11

## GENERAL ELECTRIC CAPITAL CORPORATION'S OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT AND OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION

Secured Creditor, GENERAL ELECTRIC CAPITAL CORPORATION ("GE"), by and through its undersigned counsel and pursuant to 11 U.S.C. § 1125 and Bankruptcy Rule 3017, objects to the Disclosure Statement for the Plan of Reorganization for Debtor, The Disbrow Corporation (the "Disclosure Statement"), and, pursuant to 11 U.S.C. § 1129 and Bankruptcy Rule 3020, objects to Debtor's Chapter 11 Plan of Reorganization (the "Plan").

### The Disclosure Statement Does Not Provide Adequate Information

Section 1125(b) of the Bankruptcy Code requires a plan proponent to obtain approval of the Disclosure Statement. 11 U.S.C. § 1125(b). A disclosure statement cannot be approved unless it contains "adequate information." 11 U.S.C. § 1125(a)(1). In this case, the Disclosure Statement does not contain adequate information and, accordingly, approval of the Disclosure Statement must be denied for the following:

I.    The Disclosure Statement fails to provide an independent, third-party commercial valuation of the Debtor's real property located at 8412 Sabal Industrial Boulevard, which is the subject of GE's mortgage, and the real property located at 8402 Sabal Industrial Boulevard. Instead, the Disclosure Statement provides only estimated values for the properties based on "the expected testimony of an expert in real estate values." (Debtor's Mot. ¶ 6, August 11, 2010).

Further, the estimated values of the properties stated in the Disclosure Statement are substantially less than the market values assigned to each property by the Hillsborough County Property Appraiser. See In re Miami Beach Hotel, 304 B.R. 532 (S.D. Fla. 2004) (the court considering several factors to determine value of a hotel including the value assigned by the county tax appraiser), and In re Flagler-At-First Associates, Ltd., 101 B.R. 372 (Bankr. S.D. Fla. 1989) (the court taking into account tax assessor's value of property as corroborative evidence of the value concluded by an appraiser). Accordingly, the Disclosure Statement does not contain adequate information related to the current value of the Debtor's "primary assets" (Debtor's Mot. ¶ 5, August 11, 2010) for GE to make an informed decision with regard to the Plan.

II. The Disclosure Statement provides for the proposed treatment of GE's claim to be paid in full by the Debtor at a reduced annual interest rate of five percent (5%), thereby severely impairing GE's interest without setting forth any specific basis or the necessity of the same as a requirement for an effective reorganization. Specifically, the Disclosure Statement fails to state or quantify why the Debtor cannot make the full monthly loan payment (both principal and interest) owed to GE. Additionally, the Disclosure Statement provides for repayment of the debt owed to GE over a twenty-five (25) year period, effectively extending the contractual repayment term for an additional seven (7) years and further impairing GE's interest.

III. Further, the Disclosure Statement fails to provide adequate information related to the substantial supplemental income that the Debtor anticipates receiving by leasing the space located at 8402 Sabal Industrial Boulevard, notwithstanding the Debtor's "historically . . . significant difficulty maintaining responsible and creditworthy tenants." (Disclosure Statement, Part II, ¶ A). The Disclosure Statement must be amended to provide GE with adequate information necessary to make an informed decision regarding the specific terms of any expected lease and the efforts that the Debtor intends to employ in securing a creditworthy tenant.

**WHEREFORE,** GE requests the Court disapprove the Disclosure Statement for the reasons set forth above.

### GE's Objection to Debtor's Plan

Secured Creditor, GE, by and through its undersigned counsel, hereby files its objection to Debtor's Chapter 11 Plan of Reorganization (the "Plan"). Pursuant to § 1129 of the Bankruptcy Code, the Court can only confirm a plan if all the criteria set forth therein are satisfied.

I. Debtor's Plan proposes a reduction of the contractual interest rate owed under GE's Note, in conjunction with extending the contractual repayment term for an additional seven (7) years. Further, the interest rate proposed by the Debtor falls far below the prevailing market interest rate for the repayment period of a comparable loan. GE submits that the terms impacting GE's loan as proposed in the Plan are not provided in good faith, in violation of § 1129 (a) (3), because there appears no justification for the impairments set forth above related to the Debtor's effective reorganization.

II. The property located at 8402 Sabal Industrial Boulevard that the Debtor intends to lease represents substantial additional income under the Plan to facilitate the Debtor's ability to propose a more expedient repayment of its loan and at an interest rate more consistent with the prevailing market for a comparable loan. GE submits that the Plan does not appear to be provided in good faith as it appears to minimize the potential of the substantial supplemental income represented by the lease space which would facilitate expedited repayment of GE's loan and at a more equitable rate of interest.

III. Debtor's Plan discriminates unfairly and is not fair and equitable in violation of § 1129(b)(1) of the Bankruptcy Code as it proposes the repayment of the debt owed to GE over an extended repayment period of twenty-five (25) years at five percent (5%) annual interest.

Contrary and unfairly relative to the treatment of GE, Debtor's Amendment to Plan Reorganization, dated July 29, 2010, proposes the repayment of the full amount Suntrust Bank's secured claim over a seven year (7) amortization schedule at seven percent (7%) annual interest with a balloon payment equal to the balance of the debt at the end of four (4) years, plus reasonable attorneys' fees and costs.  Therefore, the Plan as amended discriminates unfairly and is not fair and equitable relative to GE's secured claim and Suntrust Bank's secured claim.

IV. Finally, GE objects to confirmation of the Plan to the extent that the Debtor's Liquidation Analysis is based on estimates of the value of its primary assets and the values may be understated as suggested by the significantly higher values assigned to the properties by the Hillsborough County Property Appraiser.

GE hereby reserves its right to object to any additional Plan terms or modifications that are detrimental to the treatment of its claim.

**WHEREFORE,** Secured Creditor, GE, prays that its objections to the Debtor's Plan be considered by the Court, that confirmation of Debtor's Plan be denied and for such other relief as is just under the circumstances.

> /s/Betty R. Fitterman
> Rabian M. Brooks III, Esquire
> Florida Bar No.:  0136182
> Betty R. Fitterman, Esquire
> Florida Bar No.:  0627240
> THOMPSON & BROOKS
> 412 E. Madison Street, Suite 900
> Tampa, Florida 33602
> Telephone: (813) 387-1821
> Telecopier: (813) 387-1824
> Attorneys for Creditor, GE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by this Court's CM/ECF electronic noticing system and/or by U.S. First Class Mail to the following

on this <u>3rd day of September, 2010</u>: THE DISBROW CORPORATION, 8412 Sabal Industrial Boulevard, Tampa, Florida 33619; Richard J. McIntyre, Esq., McIntyre, Panzarella, Thanasides & Eleff, 6943 East Fowler Avenue, Tampa, Florida 33617; and Benjamin E. Lambers, U.S. Trustee, Timberlake Annex, Suite 1200, 501 E. Polk Street, Tampa, Florida 33602; and to all Parties on the attached LBR 1007-2 Matrix.

*/s/Betty R. Fitterman*
Betty R. Fitterman, Esquire